

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _____
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: METHOD OF PROCESSING ETHANOL
BYPRODUCTS AND RELATED SUBSYSTEMS
('858) PATENT LITIGATION
    GS CleanTech Corporation v. Pacific Ethanol, Inc.,    )
        E.D. California, C.A. No. 2:13-01042    )    MDL No. 2181
    GS CleanTech Corporation v. Homeland Energy Solutions, )
        LLC, N.D. Iowa, C.A. No. 6:13-02058    )

**TRANSFER ORDER**

    **Before the Panel:**[*] Pursuant to Panel Rule 7.1, defendants in two actions (*Pacific Ethanol* and *Homeland Energy*) move to vacate our order that conditionally transferred their respective actions to MDL No. 2181. Patent holder GS CleanTech Corp. (CleanTech) opposes the motion.

    After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Southern District of Indiana, and that their transfer for inclusion in MDL No. 2181 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that these actions should be transferred for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of Indiana was an appropriate Section 1407 forum for actions concerning CleanTech's United States Patent No. 7,601,858 (the '858 patent), which is entitled "Method of Processing Ethanol Byproducts and Related Subsystems" and relates to novel methods to extract corn oil from the byproducts formed during ethanol production. *See In re: Method of Processing Ethanol and Related Subsystems ('858) Patent Litig.*, 730 F. Supp. 2d 1379 (J.P.M.L. 2010). These actions, like all of the MDL actions, involve issues concerning the invalidity, enforceability, and/or infringement of the '858 patent and related patents.

    Defendants argue that, *inter alia*, transfer will not be efficient in light of the considerable progress of some of the MDL actions. We respectfully disagree with this assertion. First, we note that not all actions in the MDL are advanced – five recently-filed infringement actions are currently pending in this MDL, after having been transferred *via* an unopposed conditional transfer order in September 2013. While transfer may require the parties to acquaint themselves with previous proceedings and prior orders in this litigation, significant efficiencies can be gained by having all actions proceed before a judge who is already familiar with the nuances of this patent litigation. The transferee judge may allow discovery concerning any individual issues (such as any unique issues regarding the technology involved in these two actions) to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Prods. Liab.*

---

    [*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

- 2 -

*Litig.*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). Transfer will ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Should the circumstances regarding these or any other actions in MDL No. 2181 develop such that the transferee judge considers continued inclusion of a claim or action no longer advisable, Section 1407 remand of a claim or action to the transferor court is available with minimal delay following a suggestion of remand to the Panel by the transferee judge. *See* Panel Rule 10.2.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Larry J. McKinney for inclusion in the centralized pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Paul J. Barbadoro          Charles R. Breyer
Sarah S. Vance             Ellen Segal Huvelle